IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


NICHOLAS GRAY,                          6:15-cv-00647-BR

          Plaintiff,                    OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

          Defendant.


RICHARD F. MCGINTY
McGinty & Belcher, PC
P.O. Box 12806
Salem, OR 97309
(503) 371-9636

          Attorneys for Plaintiff

BILLY J. WILLIAMS
United States Attorney
JANICE E. HEBERT
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1011

DAVID MORADO
Regional Chief Counsel
JEFFREY E. STAPLES
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900
Seattle, WA 98104
(206) 615-3706

          Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

Plaintiff Nicholas Gray seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Act.

This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a thorough review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

Plaintiff filed his application for DIB on September 25, 2011.  Tr. 18, 40.[1]  His application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on December 12, 2013, at which Plaintiff was represented by an attorney.  Tr. 35.  A vocational expert (VE) also testified at the hearing.  Tr. 35.

The ALJ issued a decision on December 20, 2013, in which he found Plaintiff is not entitled to benefits.  Tr. 18-31.  That

---

[1] Citations to the official transcript of record filed by the Commissioner on September 14, 2015, are referred to as "Tr."

2 - OPINION AND ORDER

decision became the final decision of the Commissioner on February 27, 2015, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-4.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).


## BACKGROUND

Plaintiff was born on October 2, 1980; was 33 years old on the date of the initial hearing; and has a high-school equivalency.  Tr. 41, 42, 167, 183.  Plaintiff has prior relevant work experience as a forklift operator, gas-station attendant, service-station cashier, fast-food worker, yard worker, conveyor-belt monitor, and short-order cook.  Tr. 29, 68-70.

Plaintiff alleges disability since January 5, 2010, due to bipolar disorder, schizophrenia, post-traumatic stress disorder, social anxiety, depression, and obsessive-compulsive disorder.  Tr. 40, 178, 182.  Plaintiff's date last insured was March 31, 2015.  Tr. 178.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 23-29.


## STANDARDS

The initial burden of proof rests on the claimant to

3 - OPINION AND ORDER

establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is "more than a mere scintilla" of evidence but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.

2009).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Ryan v.
Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even
when the evidence is susceptible to more than one rational
interpretation, the court must uphold the Commissioner's findings
if they are supported by inferences reasonably drawn from the
record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).
The court may not substitute its judgment for that of the
Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).

### DISABILITY ANALYSIS

Social Security Regulations set out a five-step sequential
process for determining whether an applicant is disabled within
the meaning of the Social Security Act.  *Keyser v. Comm'r of
Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011).  *See also
Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R.
§ 404.1520.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner
determines the claimant is engaged in substantial gainful
activity.  20 C.F.R. § 404.1520(a)(4)(I).  *See also Keyser,* 648
F.3d at 724.

At Step Two the claimant is not disabled if the Commissioner
determines the claimant does not have any medically severe

impairment or combination of impairments. *Stout v. Comm'r Soc. Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 404.1520(a)(4)(ii); *Keyser*, 648 F.3d at 724.

At Step Three the Commissioner must determine whether a claimant's impairments meet or equal one of the listed impairments and are so severe that they preclude substantial gainful activity. The claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*,

659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).   The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis when the ALJ is determining whether a claimant can still work despite severe medical impairments.   An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"   SSR 96-8p, at *4.

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.   20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser,* 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.   20 C.F.R. § 404.1520(a)(4)(v).   *See also Keyser,* 648 F.3d at 724-25.   Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.   *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.   If the Commissioner meets this burden, the claimant is not disabled.   20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since January 5, 2010, his alleged onset date.  Tr. 20.

At Step Two the ALJ found Plaintiff has the following severe impairments:  Major depressive disorder; post-traumatic stress disorder; social phobia; personality disorder, not otherwise specified with schizoid, dependent features; attention deficit hyperactivity disorder; and math and written-expression disorders.  Tr. 20-21.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments.  Tr. 21-22.

In his assessment of Plaintiff's RFC the ALJ found Plaintiff has the functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations:  Plaintiff can perform "simple, routine tasks and follow short, simple instructions" that require "little or no judgment" and consist of "simple duties that can be learned on the job in a short period."  Tr. 22.  The ALJ also concluded Plaintiff has an "average ability to perform sustained work activities (*i.e.*, Plaintiff can maintain attention and concentration; persistence and pace), but he cannot have more than minimal supervisor contact and can only work in proximity to

8 - OPINION AND ORDER

"a few co-workers but not in a cooperative or team effort."  Tr.
22.  In addition, the ALJ found Plaintiff must work in a
"predictable" work environment with "few work setting changes";
have no contact with the public; and have "no requirement to read
detailed or complex instructions," write reports, or perform
"detailed or complex math calculations."  Tr. 22-23.

    At Step Four the ALJ found Plaintiff is capable of
performing his past relevant work as a conveyor-belt monitor,
yard worker, and forklift operator.  Tr. 29-30.

    In the alternative, at Step Five the ALJ found Plaintiff is
capable of performing other work that exists in significant
numbers in the national economy, including work as a pressure
washer, warehouse worker, and grounds caretaker.  Tr. 30-31.

    Accordingly, the ALJ found Plaintiff is not disabled and,
therefore, is not entitled to benefits.  Tr. 31.


## DISCUSSION

    Plaintiff contends the ALJ erred when he (1) excluded
Plaintiff from the hearing room during the lay testimony of
Plaintiff's wife, Jessica Mae Gray; (2) failed to incorporate
adequately his Step Three finding that Plaintiff had moderate
difficulties with concentration, persistence, and pace; and
(3) failed to ask the VE whether his testimony was consistent
with the Dictionary of Occupational Titles (DOT); and, as a

result, relied on VE testimony that was, in fact, inconsistent
with the DOT.

## I.    Exclusion of Plaintiff from Hearing Room

As noted, Plaintiff contends the ALJ erred when he excluded
Plaintiff from the hearing room during the testimony of
Plaintiff's wife, Jessica Mae Gray.

At the hearing the ALJ excluded Plaintiff from the hearing
room during Jessica Gray's testimony over Plaintiff's objection
because the ALJ "want[ed] to have the witness to be able to speak
freely, openly and candidly and not feel that maybe she needs to
hold something back that might be embarrassing." Tr. 58.
Although Plaintiff was excluded from the hearing room,
Plaintiff's counsel remained in the room and examined Jessica
Gray. Tr. 60-63. One reason the ALJ provided for discrediting
Plaintiff's testimony was his perceived inconsistency between
Plaintiff's testimony and the testimony of Jessica Gray. Tr. 26.

Plaintiff contends, without citation to any authority, that
the ALJ's decision to exclude Plaintiff from the hearing room
during Jessica Gray's testimony "precluded [Plaintiff] from fully
participating in his own hearing and denied [Plaintiff] his due
process rights to a full and fair hearing." Pl.'s Br. (#16) at
7. Plaintiff contends his exclusion from the hearing room
precluded him from explaining the apparent discrepancies between
his testimony and Jessica Gray's testimony, which the ALJ

10 - OPINION AND ORDER

ultimately relied on when he discredited Plaintiff's testimony.

At the outset the Court notes Plaintiff is incorrect that he did not have an opportunity to resolve inconsistences between his testimony and the testimony of Jessica Gray. Plaintiff's counsel examined both Plaintiff and Jessica Gray and could have sought to recall Plaintiff as a witness if there were matters that required clarification.

In any event, even if the ALJ erred when he excluded Plaintiff from the hearing room during Jessica Gray's testimony, that error would be harmless. "An error is harmless if it is 'inconsequential to the ultimate nondisability determination,' or 'if the agency's path may reasonably be discerned,' even if the agency 'explains its decision with less than ideal clarity.'" *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)(quoting *Alaska Dep't of Evntl. Conservation v. Envtl. Prot. Agency*, 540 U.S. 461, 497 (2004), and *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)). "The burden is on the party claiming error to demonstrate not only the error, but also that it affected his substantial rights, which is to say, not merely his procedural rights." *Ludwig v. Astrue,* 681 F.3d 1047, 1054 (9th Cir. 2012).

Although the ALJ cited inconsistencies between the testimony of Plaintiff and Ms. Gray as a reason for discrediting Plaintiff's testimony, the ALJ also provided several other

11 - OPINION AND ORDER

reasons for discrediting Plaintiff's testimony that were supported by the record.  In any event, Plaintiff did not assign error to the ALJ's determination that Plaintiff's testimony was not credible.

After reviewing the record the Court concludes the ALJ provided legally sufficient reasons for rejecting Plaintiff's testimony outside of his consideration of the inconsistency between the testimony of Plaintiff and Jessica Gray.  Any error by the ALJ in excluding Plaintiff from the hearing room, therefore, was "'inconsequential to the ultimate nondisability determination.'"  *See Treichler*, 775 F.3d at 1099 (quoting *Molina*, 674 F.3d at 1115).

On this record the Court concludes the ALJ did not commit prejudicial error when he excluded Plaintiff from the hearing room during the testimony of Jessica Gray.

## II.  **Consistency Between the ALJ's Step Three "Paragraph B" Findings and the RFC**

Plaintiff next contends the ALJ erred when he found Plaintiff had "moderate difficulties" with concentration, persistence, and pace in his "paragraph B" analysis at Step Three, but, nonetheless, concluded in his assessment of Plaintiff's RFC that Plaintiff had "average ability to perform sustained work activities (*i.e.*, can maintain attention and concentration; pace and persistence) in an ordinary work setting on a regular basis."  Tr. 21-22.

12 - OPINION AND ORDER

"[T]he Ninth Circuit has found failure to include 'difficulties with concentration, persistence, or pace' in the VE hypothetical to be reversible error when the ALJ found such a limitation at step three." *Saucedo v. Colvin*, 2014 WL 4631225, at *17 (D. Or. Sep. 15, 2014)(citing *Lubin v. Comm'r Soc. Sec. Admin*, 507 F. App'x 709, 712 (9th Cir. 2013)).

In this case the ALJ found as part of his paragraph B analysis at Step Three that Plaintiff "has moderate difficulties in maintaining concentration, persistence and pace." Tr. 21. The ALJ also explained "[t]he limitations identified in the 'paragraph B' criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3," and the "mental residual functional capacity assessment . . . requires a more detailed assessment." Tr. 22. In his assessment of Plaintiff's RFC the ALJ found Plaintiff had "average ability to perform sustained work activities (*i.e.*, can maintain attention and concentration; pace and persistence) in an ordinary work setting on a regular basis." Tr. 22. The ALJ based this finding on the opinion of Robert A. Kruger, Psy.D., who found "Mr. Gray's overall attention ability and capability of sustaining his attention on brief, basic, routine repetitive tasks were seen as fair, such that he would be able to complete those tasks adequately, within an appropriate period of time." Tr. 26-27, 312.

In his assessment of Plaintiff's RFC the ALJ found Plaintiff has "average ability" to maintain concentration, persistence, and pace.  Although the ALJ's RFC finding may be supported by substantial evidence in isolation, the ALJ did not explain the internal inconsistency between his Step Three findings and his assessment of Plaintiff's RFC.  The difference between the ALJ's findings in the RFC assessment and at Step Three were not, as the ALJ attempted to explain, merely a matter of the RFC assessment containing a "more detailed assessment," but rather represented an internal inconsistency in the ALJ's findings.

Accordingly, on this record the Court concludes the ALJ erred when he made inconsistent findings in his "paragraph B" analysis at Step Three and his assessment of Plaintiff's RFC.

### III. VE Testimony Consistency with *DOT*

"To rely on vocational expert testimony, the ALJ must ask the VE if his or her testimony is consistent with the DOT." *Wentz v. Comm'r Soc. Sec. Admin.*, 401 F. App'x 189, 191 (9th Cir. 2010).  *See also Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007).  An ALJ's failure to ask the VE whether his or her testimony is consistent with the DOT is harmless, however, if "there [is] no conflict, or if the vocational expert had provided sufficient support for her conclusion so as to justify any potential conflicts." *Massachi*, 486 F.3d at 1153-54 n.19.

When a VE's testimony deviates from the DOT, "the ALJ must

first determine whether a conflict exists" and then "determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert" rather than the DOT. *Massachi*, 486 F.3d at 1153. Reasonable explanations for conflicts between the DOT and VE testimony include the reality that "[e]ach occupation [in the DOT] represents numerous jobs," VEs may have additional information about particular job requirements from other publications or from the VE's professional experience, and "[t]he DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings." SSR 00-49, 200 WL 1898704, at *2-*3 (Dec. 4, 2000). *See also Massachi*, 486 F.3d at 113 n.17.

Plaintiff contends the ALJ failed to ask the VE whether his testimony was consistent with the DOT and asserts the error was not harmless because there were inconsistencies between the ALJ's hypothetical to the VE and the VE's testimony. In particular, Plaintiff contends the VE's testimony that Plaintiff could perform work at Specific Vocational Preparation (SVP) 2 is inconsistent with the ALJ's finding in his assessment of Plaintiff's RFC that Plaintiff could only "perform simple duties that could be learned on the job in a short period." In addition, Plaintiff contends the VE failed to explain how various narrative portions of the ALJ's assessment of Plaintiff's RFC fit

within the DOT when the DOT does not explicitly address such
issues.  For example, Plaintiff contends the ALJ's failure to
inquire whether the VE's testimony was consistent with the DOT
was harmful error because the ALJ found Plaintiff had an "average
ability to perform sustained work activities" and the DOT "does
not address sustaining work activities."  Pl.'s Mem. in Supp.
(#16) at 13.

      Although Plaintiff is correct that the ALJ erred when he
failed to ask the VE whether his testimony was consistent with
the DOT, that error was harmless because the VE and ALJ
adequately explained the only possible inconsistency with the
DOT.  Thus, because the narrative descriptions of certain
limitations not addressed in the DOT did not create a "conflict"
between the VE's testimony and the DOT, the ALJ could rely on the
expertise of the VE.

      There was, however, an apparent conflict between the ALJ's
assessment that Plaintiff is limited to work that consists of
"simple duties that could be learned on the job in a short
period" and the VE's testimony that Plaintiff could perform jobs
at SVP level 2.  This apparent conflict, however, was resolved at
the hearing when the VE asked the ALJ whether this limitation
would be "consistent with SVP 1 and 2."  Tr. 71.  The ALJ
clarified he was "using that to describe unskilled work, however
there could be some semi-skilled work that would meet that

definition if it's simple, routine, short instructions of that nature." Tr. 71. "Unskilled work corresponds to an SVP of 1-2." SSR 00-4p, 2000 WL 1898704, at *3. Although the ALJ could have been clearer when he set out his assessment of Plaintiff's RFC, the record, nonetheless, reflects there was not any inconsistency between the VE's testimony and the DOT.

Accordingly, on this record the Court concludes the ALJ's error in failing to ask the VE whether his testimony was consistent with the DOT was harmless.

## IV.  **Remand**

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir. 2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635 F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)).

The court may not award benefits punitively and must conduct a "credit-as-true" analysis to determine whether a claimant is disabled under the Act. *Strauss v. Comm'r*, 635 F.3d at 1138. Under the "credit-as-true" doctrine, evidence should be credited

17 - OPINION AND ORDER

and an immediate award of benefits directed when:

> (1) the ALJ has failed to provide legally sufficient reasons
> for rejecting such evidence, (2) there are not any
> outstanding issues that must be resolved before a
> determination of disability can be made, and (3) it is clear
> from the record that the ALJ would be required to find the
> claimant disabled if such evidence were credited.

*Id.* The reviewing court should decline to credit testimony when

"outstanding issues" remain. *Luna v. Astrue,* 623 F.3d 1032, 1035

(9th Cir. 2010).

When the reviewing court finds the elements of the "credit-

as-true" rule have been satisfied, however, the court may only

remand for further proceedings if "an evaluation of the record as

a whole creates serious doubt that the claimant is, in fact,

disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir.

2014).

Here further proceedings are necessary to permit the ALJ to

clarify his findings regarding Plaintiff's ability to maintain

concentration, persistence, and pace and to issue a new decision

based on his clarified findings.

Accordingly, on this record the Court remands this matter to

the Commissioner for further proceedings consistent with this

Opinion and Order.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the

Commissioner and **REMANDS** this matter pursuant to sentence four of

18 - OPINION AND ORDER

42 U.S.C. § 405(g) for further administrative proceedings
consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 13th day of June, 2016.


                              /s/ Anna J. Brown

                              _____
                              ANNA J. BROWN
                              United States District Judge

19 - OPINION AND ORDER