IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NICHOLAS GRAY,                                6:15-cv-00647-BR

            Plaintiff,                        OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

            Defendant.


**RICHARD F. MCGINTY**
McGinty & Belcher, PC
P.O. Box 12806
Salem, OR 97309
(503) 371-9636

            Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1011


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**JEFFREY E. STAPLES**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900
Seattle, WA 98104
(206) 615-3706

      Attorneys for Defendant

**BROWN, Judge.**

      This matter comes before the Court on Plaintiff's Motion (#21) for Equal Access to Justice Act (EAJA) Fees and Costs[1] in which he seeks an award of attorneys' fees pursuant to 28 U.S.C. § 2412.

      For the reasons that follow, the Court **DENIES** Plaintiff's request for EAJA fees.

## BACKGROUND

      Plaintiff filed his application for DIB on September 25, 2011, and alleged a disability onset date of January 5, 2010. His application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on December 12, 2013.

      The ALJ issued a decision on December 20, 2013, in which he found Plaintiff is not entitled to benefits. That decision

---

     [1] Plaintiff does not claim any costs or expenses in his Motion.

2 - OPINION AND ORDER

became the final decision of the Commissioner on February 27,
2015, when the Appeals Council denied Plaintiff's request for
review.

Plaintiff appealed the decision of the Commissioner to this
Court.  This Court reviewed the Commissioner's denial of
benefits, and, after reviewing the record, the Court issued its
Opinion and Order (#19) on June 13, 2016, reversing the decision
of the Commissioner and remanding the matter pursuant to sentence
four of 42 U.S.C. § 405(g) for further administrative
proceedings.

On August 25, 2016, Plaintiff filed this Motion (#21) for
EAJA Fees.  Plaintiff seeks an award of attorneys' fees in the
amount of $7,121.87.

## STANDARDS

Under EAJA the Court may award attorneys' fees and costs to
a plaintiff's attorney in an action against the United States or
any agency or official of the United States if (1) the plaintiff
is the prevailing party, (2) the Commissioner has not met her
burden to show that her positions during the case were
substantially justified or that special circumstances make such
an award unjust, and (3) the requested attorneys' fees and costs
are reasonable.  28 U.S.C. § 2412(d)(1)(A).  *See also Perez-
Arellano v. Smith,* 279 F.3d 791, 792 (9th Cir. 2002).

A "prevailing party" is one who has been awarded relief by the court on the merits of at least some of his claims. *Hanrahan v. Hampton,* 446 U.S. 754, 758 (1980). "Enforceable judgments and court-ordered consent decrees create 'the material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.,* 532 U.S. 598, 604 (2001)(internal citation omitted).

A prevailing plaintiff is not entitled to attorneys' fees under EAJA when the Commissioner's positions were substantially justified. *Lewis v. Barnhart,* 281 F.3d 1081, 1083 (9th Cir. 2002). The Commissioner's positions are substantially justified if they are reasonably based both in law and fact. *Id.* (citing *Pierce v. Underwood,* 487 US. 552, 566 n.2 (1988)). The Commissioner's failure to prevail on the merits of his positions does not raise a presumption of unreasonableness. *U.S. v. Marolf,* 277 F.3d 1156, 1162 (9th Cir. 2002)(citing *Kali v. Bowen,* 854 F.2d 329, 332 (9th Cir. 1988)).

When the Commissioner opposes a claimant's fee request, she bears the burden to establish her positions at each stage of the proceeding were "substantially justified." *Corbin v. Apfel,* 149 F.3d 1051, 1053 (9th Cir. 1998). *See also U.S. v. Real Property at 2659 Roundhill Drive, Alamo, Ca.,* 283 F.3d 1146, 1151 (9th Cir. 2002). To prevail, therefore, the Commissioner must

establish the positions taken by the Commissioner in opposition
to the claimant's efforts to obtain Social Security benefits both
in the proceedings before this Court and in the underlying
administrative action were substantially justified.  *See Lewis*,
281 F.3d at 1085-86.

The Commissioner's position "'must be justified in substance
or in the main,' - that is, justified to a degree that could
satisfy a reasonable person."  *Gonzales*, 408 F.3d at 618 (citing
*Pierce v. Underwood,* 487 U.S. 552, 565 (1988)).  "Put another
way, substantially justified means there is a dispute over
which 'reasonable minds could differ.'"  *Gonzales,* 408 F.3d at
618 (citing *League of Women Voters of Cal. v. FCC,* 798 F.2d 1255,
1257 (9th Cir. 1986)).

## DISCUSSION

This Court found the ALJ erred when he (1) excluded
Plaintiff from the hearing during his wife's testimony,
(2) failed to ask the VE whether his testimony was consistent
with the DOT, and (3) made inconsistent findings in his
"paragraph B" analysis at Step Three and in his assessment of
Plaintiff's Residual Function Capacity (RFC).  The Court
concluded the first two errors were harmless.  The Court,
however, concluded the third error required remand for further
clarification by the ALJ.

Plaintiff argues in his Reply[2] that he is entitled to attorneys' fees because the Commissioner's position was not substantially justified either at the administrative hearing or on review by this Court.

**I.  The ALJ's error in excluding Plaintiff from the hearing when his wife testified.**

Plaintiff contends the ALJ's failure to comply with agency rules and regulations was not reasonable, and, therefore, the Commissioner's position was not substantially justified.

As noted in the Court's Opinion and Order (#19) on June 13, 2016, the Court concluded Plaintiff's exclusion from the administrative hearing was harmless error because it "was inconsequential to the ultimate nondisability determination by the ALJ."  Opin. and Order (#19) at 12.

Plaintiff contends the ALJ failed to follow procedures set forth in the Hearings, Appeals and Litigation Law Manual (HALLEX) when he excluded Plaintiff from the hearing during his wife's testimony.  Pl.'s Reply at 2.  Plaintiff relies on *Gutierrez v. Barnhart*, 274 F.3d 1255 (9th Cir. 2001), to support his position that the ALJ's failure to follow the HALLEX procedure was not reasonable.

In *Gutierrez* the Ninth Circuit held the ALJ's failure to

_____

[2] In his Motion Plaintiff did not assert any bases for his requested fees other than he "is entitled to a reasonable attorney fee under EAJA . . . upon proper presentation to the Court."

complete a specific form for the evaluation of mental impairments
and the failure to attach it to his decision as required by
regulations was not reasonable.  *Id.* at 1261.  The regulation
stated the form "must be completed" and "will be appended to the
decision."  20 C.F.R. § 404.1520a(d).  According to the *Guiterrez*
court, there is not any ambiguity as to the requirements of this
regulation, and, therefore, the failure to comply was not
reasonable and the Commissioner's position was not substantially
justified.

    In contrast, the purpose of the HALLEX manual is stated in
Chapter I-1-0-1 as follows:

> Through HALLEX, the Deputy Commissioner for
> Disability Adjudication and Review conveys guiding
> principles, procedural guidance, and information
> to Office of Disability Adjudication and Review
> staff.  HALLEX defines procedures for carrying out
> policy and provides guidance for processing and
> adjudicating claims at the hearing, Appeals
> Council, and civil action levels.

    In *Moore v. Apfel* the Ninth Circuit noted the HALLEX manual
"does not provide substantive rules."  216 F.3d 864, 868 (9th
Cir. 2000).  Instead it "is strictly an internal guidance tool,
providing policy and procedural guidelines to ALJs."  The court
also held HALLEX "does not have the force and effect of law [and]
. . . is not binding on the Commissioner."  *Id.* at 868-69.  The
court, therefore, refused to review allegations of noncompliance
with the manual.  *See also Lockwood v. Comm'r. Soc. Sec. Admin.*,
616 F.3d 1068, 1072 (9th Cir. 2010).  Thus, the Court concludes

on this record that the requirements of the HALLEX manual are not regulations "required" to be followed by the ALJ, and, therefore, the ALJ's error was harmless.

Accordingly, the Court concludes the ALJ's exclusion of Plaintiff from the hearing during his wife's testimony was was not unreasonable or unjustified.

## II.   The ALJ's error in failing to ask the VE whether his testimony was consistent with the DOT.

The Court found the ALJ erred when he failed to ask the VE whether his opinion was consistent with the DOT, but the Court concluded the error was harmless because the VE and ALJ adequately explained the only possible inconsistency with the DOT.  Opin. and Order (#19) at 16.

Plaintiff asserts Social Security Regulations impose "an affirmative responsibility to ask about any possible conflict between the VE . . . evidence and information provided in the DOT."  SSR 00-4p.  Plaintiff contends the ALJ's failure to comply with this regulation was not reasonable, and, therefore, the Commissioner's position was not substantially justified.

In *Massachi v. Astrue* the Ninth Circuit held for the first time that an ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT.  486 F.3d 1149, 1152-53 (9th Cir. 2007).  The court noted, however, this procedural error could be harmless if the VE provided sufficient support for her

8 - OPINION AND ORDER

conclusion so as to justify any potential conflicts. *Id. at 1154 n. 19.*

Here the Court found the ALJ erred when he failed to ask the VE whether his opinion was consistent with the DOT, but the Court concluded the error was harmless because the VE and ALJ adequately explained the only possible inconsistency with the DOT. The Court concludes, therefore, the government's position was reasonable and substantially justified on this issue.

## III. The ALJ's error in failing to reconcile the inconsistency between his analysis in "Paragraph B" at Step Three and his assessment of Plaintiff's RFC.

The Court remanded this matter for further proceedings on the basis that the ALJ erred when he made inconsistent findings between his "paragraph B" analysis at Step Three (that Plaintiff had "moderate difficulties" with concentration, persistence, and pace) and his assessment of Plaintiff's RFC (that Plaintiff had an "average ability" to perform sustained work activities related to concentration, persistence, or pace in an ordinary work setting "on a regular basis"). Opin. and Order (#19) at 14.

Plaintiff contends the Court's finding of error and Order remanding the case for further proceedings entitles Plaintiff to an award of attorneys' fees pursuant to EAJA. The Commissioner, however, contends because the ALJ's assessment of Plaintiff's RFC was based on and supported by medical evidence in the record, the ALJ's decision and the Commissioner's subsequent defense thereof

had a reasonable basis in law and fact despite the ALJ's inconsistent finding at Step Three that Plaintiff has "moderate" difficulties with concentration, persistence, and pace. As the Commissioner points out, an ALJ's RFC assessment of a claimant "adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).

Here even though the Court noted the ALJ's RFC finding of average ability "may be supported by substantial evidence in isolation," the Court concluded in its Opinion and Order that the ALJ did not adequately explain the inconsistency between his Step Three analysis and his assessment of Plaintiff's RFC. The Court, therefore, remanded this matter to permit the ALJ to clarify his findings. Opin. and Order (#19) at 14. Nevertheless, because the ALJ's assessment of Plaintiff's RFC was largely "consistent with restrictions identified in the medical testimony," the Court concludes, therefore, that the Commissioner's position in this regard was not unreasonable nor substantially unjustified.

**CONCLUSION**

For these reasons, the Court **DENIES** Plaintiff's Motion (#21) for EAJA Fees and Costs.

IT IS SO ORDERED.

DATED this 4th day of October, 2016.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER